IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANDREA VENIOR JOHNSON, 1308757, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:09-CV-1471-G |
| ) | |
| RICK THALER, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner challenges his conviction for aggravated sexual assault from the 194th Judicial District Court of Dallas County, Texas, cause no. F-0273542-M. Petitioner was sentenced to a term of 99 years' incarceration.

Petitioner appealed his conviction and sentence to the Fifth Court of Appeals of Texas. His conviction was affirmed on June 27, 2006. *Johnson v. State*, No. 05-05-00848-CR, slip op. (Tex. App.–Dallas June 27, 2006, pet. ref'd). He filed a petition for discretionary review, which was refused on November 22, 2006. *In re Johnson*, PDR-1137-06 (Tex. Crim. App. Nov. 22, 2006). He did not file a writ of certiorari to the United States Supreme Court.

Petitioner filed two state habeas applications challenging his conviction. He filed the first habeas application on November 20, 2007. He later moved to voluntarily dismiss the application. On September 17, 2008, the Court of Criminal Appeals dismissed the application. On May 24, 2009, Petitioner filed his second state habeas application. On June 3, 2009, he Court of Criminal Appeals denied the application without written order.

The instant petition was filed on August 1, 2009. Petitioner argues:

1. He was denied the effective assistance of trial counsel because his counsel failed to:

    a. Conduct an independent investigation, which would have revealed that the complainant's apartment was sufficiently lighted that she should have been able to identify Johnson;

    b. Interview State witnesses prior to the trial, including the complainant;

    c. Call an expert witness to "rebut the State's charge of aggravated sexual assault" and the doctor who performed the rape examination of the complainant; and

    d. Prepare Petitioner for a re-trial after a first resulted in a mistrial;

2. The prosecutor engaged in misconduct by injecting her own opinion of Petitioner's guilt into the trial; and

3. The trial court committed "judicial misconduct" by overruling Petitioner's objection "to the injection of prosecutor's personal opinion of the Applicant's guilt during the jury argument at the end of the guilt/innocence phase of the trial."

Respondent filed his answer on November 19, 2009. The court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

On June 27, 2006, the Fifth District affirmed Petitioner's conviction. On November 22, 2006, the Court of Criminal Appeals denied Petitioner's petition for discretionary review. His conviction became final ninety days later on February 20, 2007. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until February 20, 2008, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On November 20, 2007, Petitioner filed his first state habeas petition. This petition tolled the limitations period for 303 days, until it was dismissed by the Court of Criminal Appeals on September 17, 2008. When 303 days are added to the February 20, 2008, federal deadline, the new deadline becomes December 19, 2008.

On March 24, 2009, Petitioner filed his second state habeas application. This application did not toll the limitations period because it was filed after the AEDPA limitations period expired.

Petitioner's federal petition was due by December 19, 2008. He did not file his petition until August 1, 2009. The petition is therefore untimely.

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174

F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he filed his first state habeas petition in June, 2007.  His petition is not dated, but was docketed by the state court on November 20, 2007.  Petitioner included an affidavit with his state petition that he dated as November 8, 2007.  (*Ex parte Johnson*, No. 70,438-01 at 21).  The Court finds this affidavit shows the petition could not have been filed by Petitioner until November, 2007.  Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 13th  day of March, 2012.

_____
**PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).